**THEATRES SERVICE COMPANY,**
Plaintiff,

v.

**UNITED STATES of America and the Interstate Commerce Commission,**
Defendants,

**Dance Freight Lines, Inc., Intervenor.**

**Civ. A. No. 10985.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 27, 1967.

Guy H. Postell, Atlanta, Ga., David A. Sutherland, Morgan, Lewis & Bockius, Washington, D. C., for plaintiff.

Donald F. Turner and John H. D. Wigger, Dept. of Justice, Washington, D. C., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for the United States.

Robert W. Ginnane and Steve Kazan, I. C. C., Washington, D. C., for I. C. C.

Watkins, Daniell, Davis & Serby, Atlanta, Ga., for intervenor Dance Freight Lines.

Before TUTTLE, Circuit Judge, SMITH, District Judge, and HOOPER, Senior District Judge.

PER CURIAM.

### STATEMENT OF THE CASE

The plaintiff, Theatres Service Company, is moving to strike and avoid an order of the Interstate Commerce Commission.

This order followed the recommendation of the Trial Examiner and granted a petition filed by Dance Freight Lines, Inc. seeking an order requiring Theatres Service Company to cease and desist transporting goods over routes as to which Dance held a certificate.

Another order, seeking to amend the certificate held by this plaintiff, is not complained of.

### I. CONCERNING UNAUTHORIZED TRANSPORTATION BY THEATRES SERVICE COMPANY.

The Examiner found that in No. MC–C–4892 the transportation by Theatres Service Company of books for Kingsport Press, Inc. of Kingsport, Tennessee to the consignees was not authorized by the certificate of Theatres Service No. MC–65697, Sub-number 2, which authorizes the transportation of books "consigned to or from magazine dealers and distributors," and recommended that Theatres Service should be ordered to cease and desist from such transportation.

The Commission followed the recommendation of the Examiner, and this Court must affirm said order if it placed the proper interpretation upon the certificate in question.

1.—The certificate authorized transportation by Theatres Service as follows:

"*Newspapers* and newsprint stock consigned to, or consigned from, theatres or newspaper publishers, and *magazines, books, and periodicals consigned to, or from, magazine dealers* and distributors, between Atlanta, Georgia and points in Alabama, Tennessee and Georgia", (Italics supplied)

over routes thereinafter specified.

The first contention made by the plaintiff is that the language contained in the above, to-wit: " * * * consigned

to, or from, magazine dealers and distributors," had reference only to "periodicals" and did not have reference to "books". A mere casual reading of the quoted portions above shows beyond any doubt that the quoted phrase covered "magazines, books and periodicals."

2.—The next contention by Theatres Service turns upon the meaning of the phrase "magazine dealers and distributors" principally, as it may be sought to be applied to the consignees of these shipments. The finding by the Commission that Kingsport Press, consignor, is neither a dealer nor a distributor is covered below.[1]

In the brief of Dance and other protestants the word "distributor" is equivalent to a "wholesaler" and is defined as "one who buys goods from importers or producers and sells to retailers, thus a middleman", citing Encyclopedia Dictionary of Business as authority for that definition.

These parties also point out that the terms above referred to are ambiguous and that it is necessary for a lawful interpretation to consider the circumstances surrounding its grant. As a matter of fact, what the Commission was really called upon to do in this case was to interpret and define, and to apply, the language in what had previously been assigned to Theatres Service.

## II.

The Examiner stated:

"Whether the shipments involved in the complaint proceeding were within defendants authority depends upon whether the consignees involved were magazine dealers or distributors."

Eleven shipments were involved and ruled upon as follows:

It was conceded that three shipments of text books made to Georgia School Book Deposit in Atlanta for distribution to public schools of Georgia, and four shipments of text books to Allen & Bacon, Inc. in Atlanta were not shipments to either dealers or distributors.

Two shipments of hymnals to Baptist Book Store in Atlanta and one shipment of the same to Baptist Book Store in Birmingham were fully discussed by the Examiner who reported as follows:

"The Baptist Book Stores are operated by the Baptist Sunday School Board which also operates separate departments or divisions for publishing, printing, selling, and distributing books and magazines. In spite of the fact that some of the publications sold by the Book Stores might be characterized as magazines, and the fact that the witness who operates the Atlanta store considers it to be a distributor and dealer of magazines, these stores are not properly classified as such. They are obviously not magazine distributors and, in the opinion of the examiner, are not magazine dealers. The magazines published and printed by divisions of the Sunday School Board are not distributed through the Book Stores for sale to the public. Only one or two publications described

1. Such report contains the following:
"Kingsport Press, as well as numerous other printers, are served by defendant as magazine distributors on the theory that they are engaged in distributing the magazines on behalf of their customers, the publishers, who specify the consignees and the quantities for each. This obviously involves an application of the literal definition of "distributor" as one who distributes or disperses articles, among others. In the opinion of the examiner this is a wholly unrealistic construction of the term, and one which goes far beyond the ordinary commercial usage of the term to describe one who generally acts as a middleman in the marketing of goods by purchasing them from various dealers who in turn deal with the ultimate consumer. Although the evidence relating to Kingsport Press is meager, it clearly establishes that in spite of the fact that it is engaged in printing magazines, that company is not a magazine distributor within the meaning of defendant's Sub 2 authority under consideration here. Nor is it a magazine dealer, i. e., one who deals in magazines at the retail level."
The report further stated:
"The witness for defendant attempted a definition of 'magazine distributor' as one who distributes magazines by selling, mailing or shipping."

as being sold by the Atlanta store may possibly be classified as magazines. In the commercial sense, by which we must be guided here, the Book Stores are in no wise magazine dealers."

Subsequent to oral argument counsel for intervenor has submitted to this Court copy of transcript of the hearing before the examiner which opposing parties by letter to this Court have consented to be added in evidence, and the Clerk is directed to so enter the same as intervenor's Exhibit #1. No error was committed by the Commission in admitting the testimony by Ira C. Pound, Jr., James H. Brown and Robert Mendenhall therein complained of.

As to the single shipment of books to St. Joseph High School in Atlanta, the report stated:

"The latter school is served as a 'possible' magazine distributor on the theory that 'so many of the school systems' do distribute magazines. Here again, defendant is applying a literal construction of the term 'distributor' and is, in the opinion of the examiner, in error in so doing."

 We are clear in our opinion that the Commission was amply justified in its ruling that Kingsport Press, Inc. is not a distributor. We also believe and find the Commission was justified in finding that the organization operating under the auspices of St. Joseph High School in Atlanta was not a magazine dealer.

AS TO BAPTIST BOOK STORE.

The findings of the examiner included the following:

"The Baptist Book Stores * * * are obviously not magazine distributors and, in the opinion of the examiner, * * * (i)n *the commercial sense, by which we must be guided here,* the Book Stores are in no wise dealers. (Emphasis supplied). [Hearing Examiner, 6, 71]"

In the comprehensive and enlightening brief filed by counsel for the Commission it is made clear that in transportation parlance through common usage certain terms and phrases take on a much more restrictive meaning, separate and distinct from an academic definition of the words utilized. See Eclipse Motor Lines, Inc—Interpretation of Certificate, 52 M.C.C. 391, 392; Guyott Construction Co., Inc.—Extension Fuel Oil, 49 M.C.C. 265, 270 and Interstate Commerce Commission v. Black, 6 Federal Carriers Cases, § .80,466, pp. 2365–2368. Many other cases could be cited to the same effect.

The testimony before the examiner of Robert Mendenhall, manager of Baptist Book Store, is revealing. The following interrogation is contained in the record:

Q: Mr. Mendenhall, in all candor, the Atlanta Baptist Book Store is not considered by you to be primarily a distributor or dealer of magazines as such, is it?

A: I would have to answer no.

Q: Are you primarily—While you are primarily not a dealer in magazines or a distributor of magazines, as you have stated just a moment ago, do you consider yourself to be a dealer of magazines?

Mr. Born: Now, I object to that question, Mr. Examiner. The question has already been asked and answered.

Mr. Sutherlund: I think it was "primarily" your question or "as such"; I'm asking him if he considers himself at all in any regard a dealer in or of magazines.

The Witness: I would have to say yes.

 The Commission in ruling that Baptist Book Store was not a "magazine dealer" did not lay down any rule or standard by which the matter could be determined in the future, that is to say, it did not state whether a business concern in order to be classed a magazine dealer must sell any magazines, or a substantial amount of magazines, or should be primarily a dealer in magazines, or should be commonly known to ·the public as a magazine dealer. We therefore have presented to us only the

narrow question as to whether the Commission erred under the facts in this record of finding that the Baptist Book Store was not a magazine dealer, and we rule without hesitancy that it did not so err.

## JUDGMENT OF THE COURT

For reasons as set forth in the Opinion of this Court herewith filed,

It is ordered and adjudged that the prayers of the plaintiff be, and they are hereby, denied, and a judgment be, and it is hereby rendered in favor of the defendants, with costs against the plaintiff.